106 F.3d 34
 AETNA CASUALTY & SURETY COMPANY, Plaintiff-Counter-Defendant-Appellee,
v.
RETAIL LOCAL 906 AFL-CIO WELFARE FUND; Nemiah Soanes;
Vincent Fuentes; Althea Neblett; John Economos;
George Rosenfeld; George Schwartz,
Defendants-Counter-Claimants-Appellants,
Max Goldweber; Marcia Berger Hershkowitz, d/b/u in the firm
name of Goldweber & Hershkowitz, Plaintiffs-Appellants.
 No. 656, Docket 96-7478.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 4, 1996.
Decided Feb. 5, 1997.
 
 Max Goldweber, Mineola, N.Y. (Marcia Berger Hershkowitz, Robert Mirel, Modjgan Cohanim, Goldweber and Hershkowitz, Mineola, N.Y., on the brief), for defendants-counter-claimants-appellants.
 Arthur N. Lambert, New York, N.Y. (Richard S. Mills, Susan E. Jaffee, Evan H. Stoller, Lambert Weiss & Pisano, on the brief), for plaintiff-counter-defendant-appellee.
 Before: NEWMAN, Chief Judge, OAKES and WINTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal from two suits previously consolidated in the District Court concerns (a) an insurer's attempt to rescind a fiduciary responsibility insurance policy ("FRIP") on the ground that the insured made fraudulent misrepresentations and omissions on the FRIP application, and (b) several attorneys' attempt to recover legal fees from the insurer allegedly due and owing for defending parties insured under the FRIP in lawsuits against them. Max Goldweber ("Goldweber"), Marcia Berger Hershkowitz ("Hershkowitz"), d/b/u the firm name of Goldweber & Hershkowitz ("G & H"), the Retail Local 906 AFL-CIO Welfare Fund ("Welfare Fund"), and its trustees appeal from the April 1, 1996, judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, Judge). Judge Wexler ruled, after a bench trial, that (i) the insurer, the Aetna Casualty & Surety Company ("Aetna"), was entitled to rescind the 1991 FRIP because the Welfare Fund made material misrepresentations and fraudulently concealed material facts on the insurance application, (ii) Aetna must refund the $3,106.50 in premiums paid by the Welfare Fund to Aetna, (iii) G & H must return to Aetna the $63,355.51 in legal fees that Aetna had previously paid to G & H for defending the Welfare Fund and its trustees because G & H and Goldweber participated in the scheme to defraud Aetna concerning the 1991 FRIP application, and because of G & H's acceptance of the representation despite clear but undisclosed conflicts of interest, and (iv) G & H was not entitled to recover from Aetna additional legal fees incurred while defending the Welfare Fund and its trustees. Aetna Casualty and Surety Co. v. Retail Local 906 of AFL-CIO Welfare Fund, et al., 921 F.Supp. 122 (E.D.N.Y.1996).
 
 
 2
 Goldweber, Hershkowitz, G & H, the Welfare Fund, and its trustees appeal from all of the District Court's rulings. We affirm the judgment in its entirety on Judge Wexler's comprehensive opinion.